**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OMAR THOMAS,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 1:08-CV-0417** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THOMAS HOGAN and DONALD MONICA,** | : | |
| | : | |
| **Respondents** | : | |

**MEMORANDUM**

Petitioner Omar Thomas, a detainee of United States Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241.  Petitioner contends that he is being unlawfully detained pursuant to the mandatory detention provision found at § 236(c)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1)(B).  It is his contention that he is subject to the "Transition Period Custody Rules" ("TPCR") and is being denied an individualized bond hearing. Alternatively, he argues that the mandatory detention statute violates the substantive and procedural due process provisions of the Fifth Amendment of the United States Constitution. U.S. Const. amend V.

Because the Court concludes that the mandatory detention provision does not apply to petitioner, the petition will be granted and the matter will be remanded to ICE to conduct an individualized bond hearing as provided in the TPCR.  The Court will not reach Petitioner's arguments concerning the constitutionality of the mandatory detention statute.

## I.  STATUTORY BACKGROUND

On September 30, 1996, Congress enacted the Illegal Immigration Reform and

Immigrant Responsibility Act of 1996.  Pub. L. No. 104-208, div. C.,110 Stat. 3009-546

("IIRIRA").  The IIRIRA contains a mandatory detention provision, section 236(c) of the INA,

now codified at 8 U.S.C. § 1226(c).  Implementation of the mandatory detention provision was

deferred for two years.  During the two-year deferment, the TPCR were implemented.  See

IIRIRA § 303(b)(3).[1]  These rules provided for bond hearings for some aliens removable for

having committed certain crimes and gave the Immigration Court discretion to set bond if a

lawfully admitted alien did not present a danger to persons or property and was likely to appear

at future removal proceedings.  Id.  On October 9, 1998, the TPCR expired and section 236(c) of

the INA became effective, providing for the mandatory detention of certain criminal aliens as

follows:

> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (d) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

---

[1]Section 303(b)(3) of the IIRIRA is not codified but can be found in the historical notes to 8 U.S.C. § 1226.

2

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(2) Release

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c).

## II.   **FACTUAL BACKGROUND**

Petitioner, a native and citizen of Jamaica, was admitted to the United States at New York, New York, on or about November 23, 1987, as a Lawful Permanent Resident.  (Doc. No. 5-3, at 6.)  On July 31, 2007, ICE took him into custody pursuant to a Notice to Appear ("NTA") dated August 7, 2006 (Doc. No. 5-3, at 4-6), and amended on April 17, 2007.  (Doc. 5, at 5; Doc. 5-3, at 1.)  The NTA charged him as being subject to removal pursuant to section 237(a)(2)(A)(iii) of the INA as a result of an aggravated felony conviction and section 237(a)(2)(b)(I) of the INA for violations of controlled substances law.  (Doc. 5-3, at 4.) The convictions, which were obtained in the Criminal Court of the City of New York, County of Bronx, are as follows: a January 8, 1997, conviction for criminal possession of marijuana in the

3

fifth degree; a September 4, 1997, conviction for possession of marijuana in the fifth degree; and

January 2, 1998, convictions for criminal sale of marijuana in the fourth degree and possession

of marijuana in the fifth degree.  The convictions resulted in minimal terms of incarceration

(fifteen or thirty days) or minimal fines ($100.00 and $500.00).  (Doc. No. 5-3, at 30, 33, 36, 38,

46, 55.)

On August 1, 2007, Petitioner requested release on bond.  (Doc. No. 5-3, at 81.)  The

request was denied based on the finding that his drug conviction subjected him to mandatory

detention under section 236(c) of the INA.  (Id.)  Petitioner appealed the determination.  On

September 7, 2007, the decision was reviewed and the immigration judge found as follows:

> Respondent was apparently released from detention for [the January 8, 1997,
> conviction for the criminal sale of marijuana] prior to October 8, 1998, the expiration
> of the Transition Period Custody Rules (TPCR) set forth in section 303(b)(2) of the
> Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).
> Respondent admitted that he had subsequently been arrested for assault by the
> Allentown (PA) Police Department on November 25, 2005, and released shortly
> thereafter.  Respondent at some point following that release was arrested by the
> Department of Homeland Security (DHS).
>
> Because the respondent was released from a non-DHS custodial setting after the date
> of the expiration of the TPCR, the court concluded that respondent's detention did
> not fall within the scope of the TPCR.  See Matter of Kotliar, 24 I. & N. Dec. 124
> (BIA 2007); Matter of West, 22 I. & N. Dec. 1405 (BIA 2000).  Given this fact, and
> inasmuch as the charge relating to respondent's drug conviction subjects him to
> mandatory detention under subparagraph 236(c)(1)(B) of the INA, the court found
> that it lacked jurisdiction over respondent's case.  See 8 C.F.R. § 1003.19(h)(2)(i)(D)
> (2007).

(Doc. 5-3, at 81.)  Petitioner appealed to the Board of Immigration Appeals ("BIA").  The BIA

denied the appeal on or about October 31, 2007, stating as follows:.

> The respondent was convicted in 1997 for criminal sale of marijuana in violation of
> section 221.40 of the New York Penal Code.  The respondent argues that, as he was
> released from criminal custody for this offense prior to October 8, 1998, the date of
> the expiration of the Transitional Period Custody Rules (TPCR), he is not subject to

4

mandatory detention.  <u>See</u> 8 C.F.R. § 236.1(c)(1).  However, there is no dispute that the respondent was also arrested and released from criminal custody in 2005. Therefore, he is subject to mandatory detention in light of <u>Matter of Kotliar</u>, 24 I. & N. Dec. 124 (BIA 2007).  <u>See also Matter of West</u>, 22 I. & N. Dec. 1405 (BIA 2000).

(Doc. 1-2, at 3.)  The instant petition was filed on March 5, 2008.  The Respondents filed a

response and exhibits on March 31, 2008.  (Doc. No. 5.)  Petitioner filed a traverse on April 14,

2008.  (Doc. No. 6.)

## III.   <u>DISCUSSION</u>

Initially, despite Respondents' assertion to the contrary, this Court has jurisdiction to

review the petition.  It is well-established that district courts retain jurisdiction to consider an

alien's habeas challenge to the statutory framework mandating his detention during removal

proceedings.  <u>See</u> 28 U.S.C. § 2241(c)(3) (noting that the writ of habeas corpus may extend to

those held in custody in violation of the constitution "or laws or treaties of the United States");

<u>Demore v. Kim</u>, 538 U.S. 510, 517 (2003) (finding that the INA does not bar habeas review of

statutory or constitutional challenges to detention).

Having determined that jurisdiction exists, the Court now turns to the merits of

Petitioner's claim that he is being unlawfully detained.  Specifically, he argues that he is "not

subject to mandatory detention because he was not released from criminal custody after October

8, 1998, for any offense listed at [8 U.S.C. § 1226(c)] as being one that subjects him to removal

from the United States." (Doc. No. 1, at 6 ¶ 3.)  Rather, he maintains that his case is governed

by the TPCR and that he is entitled to an individualized bond hearing.  Respondents argue that

Petitioner is removable under section 237(a)(2)(B) of the INA based upon his 2003 drug

conviction and, in so arguing, state the following:

> Thomas was charged and released from custody from a violation relating to a
> controlled substance well after the effective date of section 236(c).  (Ex. B at 10-11;
> Ex. C at 2).  Specifically, on October 23, 2003[, Petitioner] was arrested for
> possession of drugs and pled guilty to the drug charges on December 18, 2003.  (Id.)
> As such, he was not released from criminal custody for the 2003 drug offense for
> which he is removable until after the effective date of section 236(c).

(Doc. 5, at 13.)  It is Respondents' position that because Petitioner was charged with a

removable offense, i.e., a controlled substances violation, and released from custody in 2003,

which is well after the expiration of the TPCRs and the effective date of section 236(c) of the

INA, he is subject to mandatory detention.  They also take the position that Petitioner's post-

TPCR arrests in 2000, 2003, 2004, and 2005, trigger the mandatory detention provision.  (Doc.

5, at 14. )  The Court cannot agree.  This position completely ignores the developing body of

case law which finds that the date of release from the offense for which the individual is found

removable determines whether the individual is entitled to an individualized bond hearing or

subject to the mandatory detention provision.  See, e.g., Alikhani v. Fasano, 70 F. Supp. 2d 1124,

1132 (S.D. Cal. 1999) (finding that offense for which individual was found deportable

determined whether individual was entitled to a bond hearing or subject to mandatory detention);

Grant v. Zemski, 54 F. Supp. 2d 437, 442 (E.D. Pa. 1999) (rejecting argument that Congress

intended for the mandatory detention provision to apply regardless of when individual was

convicted or released from criminal custody and finding that mandatory detention provision of

IIRIRA did not apply to alien released from criminal custody prior to IIRIRA's effective date);

Velasquez v. Reno, 37 F. Supp. 2d 663, 670-71 (D. N.J. 1999) (concluding that mandatory

detention statute does not apply to alien who was released thirteen years before effective date of

statute, taken into immigration custody, and placed in removal proceedings after the effective

date of statute); Cox v. Monica, No. 1:07-CV-0534, 2007 WL 1804335, at *5 (M.D. Pa. June 20,

1997) (holding that the date of release from the offense for which the individual is found

removable determines whether the individual is entitled to an individualized bond hearing or

subject to the mandatory detention provision); Pastor-Camarena v. Smith, 977 F. Supp. 1415,

1417-18 (W.D. Wash. 1997) (finding that "it was arbitrary and capricious for respondents to

interpret the language of IIRIRA § 303(b) to include aliens, like petitioner, who were released

from incarceration many years before coming into . . . custody . . . for deportation proceedings.")

In addition, there is a significant body of case law that finds that the mandatory detention

provision does not apply to aliens who were released from custody prior to the provision's

effective date.  For instance, the United States District Court for the District of New Jersey, in

concluding that the provision had prospective application only, stated the following:

> Congress has expressly provided that 8 U.S.C. § 1226(c) is to be applied only
> prospectively to aliens who were released from criminal custody after the statute
> took effect.  See Mathews v. Kidder, Peabody & Co., Inc., 161 F.3d 156, 160-61 (3d
> Cir. 1998) (noting that, under Landgraf [v. U.S. Film Prod., 511 U.S. 244 (1994)],
> if Congress has expressly provided that the statute is or is not to be applied
> retroactively, the court must follow that express prescription, apply the statute
> accordingly, and the inquiry is done).  Congress has explicitly set forth the effective
> date of the new detention provisions of the IIRIRA.  See Pub.L. 104-208, Div. C,
> Title III, § 303(b), Sept. 30, 1996, 110 Stat. 3009-586.  In that provision, as noted
> above, Congress provided that implementation of the mandatory detention provision
> contained in 8 U.S.C. § 1226(c) could be delayed for up to two years upon the
> request of the Attorney General.  See IIRIRA § 303(b)(2).  Congress then provided
> that "[a]fter the end of such 1-year or 2-year periods, the provisions of [8 U.S.C. §
> 1226(c) ] *shall apply to individuals released after such periods*."  Id. (emphasis
> added).  IIRIRA § 303(b)(2) clearly sets forth the express command of Congress that
> the permanent mandatory detention provisions are to be applied to aliens who were
> released after the transitional rules expired.

Velasquez, 37 F. Supp. 2d at 670-71.  Other courts that have directly addressed the applicability

of 8 U.S.C. § 1226(c) have similarly held that it does not apply to aliens who were released from

custody prior to the effective date of the provision.  See Alves-Curras v. Fasano, No.

98-CV-2295, 1999 WL 33454934 (S.D. Cal. Feb. 22, 1999); <u>Alwaday v. Beebe</u>, 43 F. Supp. 2d

1130 (D. Or. 1999).  "Both <u>Alves-Curras</u> and <u>Alwaday</u> held that based upon the plain language

of the statute, as well as IIRIRA § 303(b)(2) which states that 8 U.S.C. § 1226(c) applies to

individuals released after the two year transitional period, 8 U.S.C. § 1226(c) does not apply to

aliens who were released in 1992 and 1991, respectively.  <u>See</u> <u>Alves-Curras</u>, slip op. at 4;

<u>Alwaday</u>, slip op. at 8."  <u>Velasquez</u>, 37 F. Supp. 2d at 671-72.  Other courts, relying on the

"when the alien is released" language have also concluded that the provision does not have

retroactive application.  <u>See</u> <u>Bromfield v. Clark</u>, No. C06-757RSM, 2007 WL 526511, at *4

(W.D. Wash.  Feb.  17, 2007); <u>Quezada-Bucio v. Ridge</u>, 317 F. Supp. 2d 1221 (W.D. Wash.

2004) (finding that petitioner who was released from state custody and was not taken into

immigration custody until three years later was not subject to mandatory detention under section

236(c) of the INA);  <u>Pastor-Camarena v. Smith</u>, 977 F. Supp. 1415 (W.D. Wash. 1997) (holding

that the plain meaning of the statute indicates that section 236(c) of the INA applies to aliens

immediately after release from custody, and not to aliens released many years earlier); <u>see</u> <u>also</u>

<u>Boonkue v. Ridge</u>, No. CV 04-566-PA, 2004 WL 1146525 (D. Or. May 7, 2004); <u>Alikhani v.</u>

<u>Fasano</u>, 70 F. Supp. 2d 1124 (S.D. Cal. 1999).

It is undisputed that Petitioner's latest release date for conduct that was included in the NTA

was in 1998, prior to the expiration of the TPCR and before the effective date of section 236(c)

of the INA.  It is further undisputed that the 2000, 2003, 2004, and 2005 convictions are not

included in the NTA and have absolutely no bearing on the removal proceedings.  Consequently,

Petitioner is subject to the TPCR, not the mandatory detention provision, and is entitled to an

individualized bond hearing.  As noted by Judge Conner in the <u>Cox</u> opinion, "ICE's attempt to

reap the benefits of section 236(c) by applying the mandatory detention provision to aliens such as petitioner is overreaching and inconsistent with the scheme established by Congress." <u>Cox</u>, 2007 WL 1804335, at *5.

## IV.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be granted inasmuch as the matter will be remanded to ICE for an immigration judge to conduct an individualized bond hearing.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OMAR THOMAS,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 1:08-CV-0417** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THOMAS HOGAN and DONALD** | : | |
| **MONICA,** | : | |
| | : | |
| **Respondents** | : | |

## ORDER

    **AND NOW**, this 31st day of October, 2008, upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons set forth in the memorandum filed herewith, it is hereby ORDERED that:

    1.    The petition for writ of habeas corpus (Doc. No. 1) is GRANTED inasmuch as the matter is REMANDED to the United States Immigration and Customs Enforcement for an immigration judge to conduct an individualized bond hearing within fifteen days of the date of this order.

    2.    Respondents shall NOTIFY the court of the status of the matter within twenty days.

    3.    The Clerk of Court is directed to CLOSE this case.


      S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Judge
    Middle District of Pennsylvania